IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS.

FILED

SEP 2 2 2014

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

Courtney Fitzgerald Taylor

    Plaintiff,

      V.

CASE NO. P-14-CV-69

Geo Group Inc, RICARDO MARTINEZ,
GEORGE ZOLEY, RICHARD GLANTON,
CLARENCE ANTONY, ANNE NEWMAN,
CHRISTOPHER WHEELER,NORMAN CARLSON,
JOHN HURLEY, ET, ALA.

CIVIL ACTION COMPLAINT.

---

## COMPLAINT

### HISTORY OF THE CASE I

In October 2008 while living with his family in Phoenix,Arizona
plaintiff Courtney Fitzgerald Taylor suffered gun shot wounds to
several parts of his body as a result of his injury plaintiff was
left with a colostomy and extreme damage to his Uretha requiring
periodic visits to a Urologist. While waiting to have surgery do-
ne to said colostomy plaintiff was arrested and taken to a C.C.A.
facility located in Florence,Arizona,then sentenced to 36 months
in prison. He was then transfered to a G.E.O. facility in Pecos,
Texas with a population of around 1300 inmates on 3-19-2013 up on
plaintiffs arrival at this facility he was processed first by an
officer and then went through a medical screening which revealed
plaintiff,s medical condition to the medical personel on hand,and
after speaking to and inquiring plaintiff later found out the pe-
rson doing the screening was the H.S.A. for the medical department
ent at the facility.

After informing and letting her see some of the different suppl-
ies that he had on his person up on arrival at the facility to
his surprise the H.S.A. told plaintiff that she will not be pur-
chasing any other products even after he told her his skin was
sencetive to certain products so plaintiff had to use what was
given to him by the medical department,and later brought a rash
around the colostomy. After been placed in a cell with 39 other
inmates no shower to deal with plaintiff's medical situation and
no privacy to change and clean the colostomy when needed to plai-
ntiff took a shower one morning and after being confronted by
other inmates who became upset with him for using the shower in
his condition plaintiff reported the matter to staff who in turn
informed the medical department of how best to deal with this si-
tuation. A decision was then made to remove plaintiff from that
unit and be placed in another unit with an African American inm-
ate and then for him to shower in his unit and then come over to
the medical building to change his bag and waffer in the restroom
of the waiting area used by every other inmates who comes for th-
eir medical appointment,which was not even sanitize. After repea-
ting this process for a while plaintiff became frustrated and in-
formed the H.S.A. that what he was doing was not sanitary for his
condition and demanded something be done to eliminate the situat-
ion. Plaintiff was then allowed to use a shower inside the build-
ing.After complaining for over 5 month's about the lack of medi-
cal supplies that were so desperately needed in order to stop the
the human feces from leaking onto said person plaintiff had to
jere-rigg what ever was provided to him so as to stop the smell
coming from said colostomy along with feces which was pointed out
to him by other inmates including one Ivan Lara Arguelles.Reg#
44419-177,who also witness the humiliation and embarrasment cause

by this situation. See Exhibit 1, and who himself had to call the attention of the officers in charge of the unit on more than one occasion for help when plaintiff passed out in the unit. PLease See Exhibit 1 about the rigging of the supplies that were provided with institution grievance from.

## HISTORY OF THE CASE II

Plaintiff was allowed to showers only 3 times per week, See Exhibit III. Plaintiff request to staff after using said shower for a while that there was no hot water and it took over 6 months all through the winter for the administration to get the situation resolved so plaintiff had to take freezing cold showers all this time. Please See Exhibit Iv.

Plaintiff also requested to staff for a medical mattress upon his arrival at this facility but was only given more suitable one 5 months after complaining about the pain and suffering he had being going through due to his medical condition. Please See Exhibit III inmate informal resolution form.

## STATEMENT OF FACTS I

On or around January 28, 2012, Plaintiff was arrested for unrelated reasons, unfortunately while waiting for second surgery to close open colostomy, plaintiff was put on pretrial proceedings that led to a plea bargain agreement, the District Judge at plaintiff's attorney request ordered that plaintiff be sent to a medical facility operated by the F.B.O.P. furthermore the judge did not want to give any reduce time as he wanted plaintiff to get the second surgery done to close said colostomy.

## STATEMENT OF FACTS II

On March 19, 2013, plaintiff was transfered to this Geo owned

and operated  facility to serve the remainder of his sentence.
Up on plaintiff's arrival during the medical screening plaintiff
informed the prison authority that the Federal District Judge re-
commended he be sent to a medical facility where second surgery
could be done. Plaintiff was given a laundry bag containing 3 tee
shirts,1 pair of shower shoes, 1 blanket, 2 bed sheets,1 pillow
case, 1 mattress,1 pillow,3 pairs of pants,3 pairs of socks and 3
shirts then sent to a unit. After being given all these items pl-
aintiff was never given any rags to take care of his medical sit-
uation. The third day after arriving here plaintiff went to pri-
son officals to complain the reason for not been issued any rags
and his condition is well known,he was then taken to the laundry
department and to his surprise was given old towels and tee shirt
used by other inmates that was cut into little pieces,plaintiff
complained about the issuing of these items and was told to use
them or do without. So from that day to the present the same pra-
ctice has continued to be performed and said rags are not even
sanitized.

### STATEMENT OF FACTS.III

Several days after been at this facility plaintiff was called to
see the on site Physician which is routine and was evaluated,a
couple of months after plaintiff started to get severe cramps and
pain to his abdomen and at the site of his stoma with said colos-
tomy. He was taken to the medical building where he was given a
kind of pain medication unknown to him which caused plaintiff to
pass out in the unit and had to be taken by wheel chair to the
medical building,then later found out said medication was too st-
rong and from that day to the present is now been given a new
medication called Tramadol. Plaintiff has since passed out on
more than two other ocassions.

After a couple of months plaintiff was sent to see an off-site Physician Generalist here in Pecos who runs a small Family prac-tice. On February 19, 2014, plaintiff was taken to the Texas Tech Medical Facility in Odessa and met with a Dr. Salazar for what was told to plaintiff to be an evaluation for said colostomy sur-gery but even after a second visit nothing was done. Ever since plaintiff has not been to see any other General Surgeon or any other specialist. For the last 15 months plaintiff has been going through excruciating pain, diarrhea, lower mid abdominal cramps, loss of appetite and dehydration.

### STATEMENT OF FACTS.IV.

On August 11,2014 while in the housing unit plaintiff was taken by an officer to the prison office complex placed in a cell and 30 minutes later to the solitary confinement unit without no inc-ident report, no incident location and no charge. Plaintiff was then put in a small cell with another inmate and then forced to perform the daily routine of empting his colostomy bag and remov-ing of said bag to shower which not only causes embarrasment but also discomfort to plaintiff and the other inmate because of the foul odor that arise from said colostomy also plaintiff had to use un-sanitize shower to perform these acts. Plaintiff then went on a hunger strike to protest his wrongful detention in solitary confinement, but after 6 meals was taken to an interview room by a prison offical and told if the hunger strike is discontinued plaintiff would be released after the Warden spoke to him,but af-ter been seen by the Warden no such thing was done and prison of-ficals failed to honour their promise and thus the unlawful impr-ison continued in 24 hour lock down. Because of the unfair punis-hment for not been charged with an offence and plaintiff medical condition, this living situation is not suitable and could cause

serious medical implication,these are clearly violation of his Constitutional Rights.

## ARGUMENT I

For plaintiff's entire imprisonment at this Geo facility plaintiff's abuse has been outrageous and without any penological purpose as been locked down 24 hours with another inmate,denied access to recreational yard and not been given the proper supplies to take care of plaintiffs medical condition,but instead was given old and used towels left by other inmates that were cut into little pieces. Also there was no way of immediately disposing of plaintiffs bodily waste after taking a shower. Note that these pieces of rags are necessities, they are used to clean the open wound that plaintiff has. The Ramos Court explains that in order to provide minimal acceptable standard of Health Care aside from 40 hour a week of on site physician, there must be at least 4 hour a week from an Ear, Nose and a Throat Specialist and an Orthopedic Surgeon, none of the above exited at this facility operated by Geo Group Inc.

## ARGUMENT II.

When given the first dose of pain medication plaintiff passed out in the unit, but when said medication was looked into it was discovered that medication was too strong for plaintiff so a different kind was given called Tramadol. Also there is only two qualified nurses at this facility. None of the foregoing would have been contemplated, let alone embrace as an intergral and acceptable part of the everyday operation of the correctional facilities period. Never the less it is evidence by the millions of dollars that the Geo Group has to pay for civil rights abuse under the direction and management of the above defendants due to their company-policy of placing Corporate profits ahead of the health, safety and the constitutional rights of plaintiff and other federal inma

tes like plaintiff that they have under their custody and care.
See,436 US 658, 690-91 98 S. CT. 2018 2035-36 56 Led 2nd
Cir. 1978.

ARGUMENT III

The Eight Ammendment of the U.S Constitution prohibits cruel and
unusual punishment, clearly plaintiff Courtney Fitzgerald Taylor
was punished for no incident during his 9 days in solitary confi-
nement. The action of this prison administration was inhumane and
barbarous. Thus a violation of plaintiff's Eight Ammendment Cons-
titutional Rights, see in Re Kemmler 136 U.S 436 (1890) see also
Wilkerson V. Utah,99 U.S.13 (1878): Trop V Dulles, 356 U.S.86
(1958); Robinson V. California, 370 U.S. 660 (1962): Weems V U.S.
217 U.S. 349 (1910). When the punishment is unnecessarily cruel
in view of the purpose for which it is used.
The use of the isolated confinement is seen as a valid means of
protecting the general prison population and for preventing dis-
obedience, disorder or escape,plaintiff has done none of the abo-
ve,but yet he has been confined in the special housing unit of
the prison for 9 days in a living condition that is inhumane and
cruel giving his medical condition, thus run a foul of the Eight
Ammendent. Furthermore the process by which plaintiff's isolation
was enforced was unfair thus violated due process of law.
See Mc Clary V. Coughlin, 87 F. Supp 2nd 205 (WDNY, 2000,Sub.App.
237 F.35 185) (2nd Cir.2001)

ARGUMENT IV

When the facts of the allegations are established it is then a
matter of law as to whether the factual conditions are such that
violation of the prohibition on cruel and unusual punishment
exists. Plaintiff's condition at the SHU during the time had

becomes constitutionally intolerable. See Wright V. Mc Mann, 387.F 2nd 519 (2nd. Cir. 1967)

The unsanitary conditions of plaintiff Courtney Fitzgerald Taylor at the SHU for the time he was in solitary confinement was unneces sarily punitive in nature and violated also his Eight Ammendment Rights. An inmate can not be placed in isolated confinement because he writes grievance to stand for his constitutional rights. See Wojtczak N. Cuuler, 48) F. Supp 1288 (ED. PA 1979); Morgan V. Lav- allee, 526 F. (2nd. Cir. 1975)

## ARGUMENT V

A prison's disciplinary proceeding in which the inmate is not in- formed of the accusation against him does not comply with due pr- ocess. In this case plaintiff was placed in the SHU without an incident report, no charge and above all no opportunity to be he- ard to confront alleged witnesses and to cross examine them. When there is no undue hazard to instutional safety or correcti- onal goals the right to call witnesses and present documentary evidence is a must. If not the decision to not grant a witness request is denied, the reason for plaintiff been taken to the SHU was for writing letter's to THE ATTORNEY GENERALS OFFICE, THE DI_ RECTOR OF THE F.B.O.P and the A.C.L.U. to complain about the lack of medical care that this facility provides to not only himself but to other inmates which also caused the death of one such inm- ate on 8-10-2014, plaintiff complained on 8-11-2014 and was plac- ed in the SHU. Please see exhibit of a copy of said letter and copies of certified receipts of time and mailing of said letter.

## CONCLUSION I

A plaintiff under civil rights act is entitled to an award to monetary damages in order to repress deprivations of his constitutional rights. See, Wilson V. Prasse, 325 F. SUPP. 9(WD PA. 1971). In this case actual damages to compensate the plaintiff for out of pocket expenses and mental suffering as well as nominal and punitive damages to vindicate the malicious and intentional violations of plaintiffs rights.

## CONCLUSION II.

Due to the foregoing plaintiff Courtney Fitzgerald Taylor brings this law suit against the following persons and entity both in their professional and personal capacities for compensatory,punitive and injunctive relief, Geo Group Inc, Ricardo Martinez, George Zoley, Richard Glanton, Clarence Antony, Anne Newman, Christopher wheeler, Norman Carlson, and John Hurley, and each for $300,000.00 compensatory damages and $700,000.00 in punitive damages. Plaintiff request for a jury trial discovery, witness, dispositions as this case involves medical and life safety issues that will also require expert witnesses testimony.

RESPECTFULLY SUBMITTED BY:

Date: 8-28-2014

R.C.D.C.  III

P.o. Box 2038

Pecos, Texas 79772

### Rights of prisoners medical care book 1. chapter 3

Inadequate medical care will be seen as a constitutional violation
if the medical need was a serious one but was not attended to.
I have found five reasons in this book that applies to my condition:
- a medical need is serious  if it is diagnosed by a physician as
a mandating treatment
- a need is serious if it is so obvious that even a lay person can
easily recognize the necessity for a doctor's attention.
_ a medical need is serious if it causes pain.
_ if it affects a person's daily act it may be deemed serious.
_ if the condition offers the possibility of a life long handicap or
permanent loss it may be considered serious.
Inmate need not wait untill harm occurs for a court to find that seri-
ous nedds are unmet.
Rights of prisoners medical care, Book I chapter 3 states that an insti-
tution should do a medical screening to inmate upon arrival at that
facility to see if the inmate requires treatment or if that facility
is capable of attending to the problem. Also that the systematic delays
of weeks or months regardless of the severity of the needs is unaccept-
able.

A medical facility must have the proper medical equipment to attend to
the inmates need which this facility does not have because it is not
equipped for my condition meaning therefore, I should not have been
here in the first place; even though, at sentecing the judge recommend-
ed that I go to a medical facility to receive the proper medical help
that I need.

A couple of months ago I Juan Lara Arguelles #44419-177 was walking
in my tank B-2 13- L which happens to be the same tank as Mr Courtney
Fitzgerald Taylor when i noticed Mr Taylor was laying down on his bunk
and waving at me to get my attention, i went over to him knowing of his
medical situation as i was the same person who when he first got to this
tank noticed something on his person and pointed it out to him and later
found out he had a colostomy bag and it was leeking out human feces on
his pants. I went over to assist him and he told me to get an officer
for him as he was feeling dizzy and was in lot of pain. I went and
press the intercom button located in the unit and told the officer
that Mr Taylor was not feeling well, knowing that everyone at this
facility knows of his medical condition i was shocked to see that it
took almost two hours for them to get the medical staff to help Mr Tay-
lor, who then came and took him away in a wheel chair to the medical
building to render to him the help he needed.

Juan Lara Arguelles.

Reg#44419-177

EXHIBIT I · INSTITUTION GRIEVANCE FORM

# REEVES COUNTY DETENTION CENTER III
# INMATE INFORMAL RESOLUTION FORM

Date: 5/28/13　　Informal Resolution No. RVS-13 42

From Taylor Courtney Fitgera　　BOP # 57155-053　　Unit B2 4L

**Last, First, Middle**

---

**Part A-Inmate Request (Solicitacion De Interno)**

HSA. Pamela Nelson's reponce of 5/13/2013, is completely unresponcive
to the substantive issue in my Cop-out, (inmate information request)
of 5/10/2013, and this institution remains inviolation of the
Americans with Disabilities Act. I, have a full colostomy and I,
am being denied access to the right supplies to properly treat my
condition. I, am being forced on many occassion to jere-rigg, the
site of incition with tape and toilet paper to keep it from leaking
because I, am being denied the right size bags, Human feces, is
highly infectous and the foregoing is a serious health hazard

Date 5/28/13　　　Signature [signature]

---

**Part B- Response (Repuesta)**

Mr Taylor at this time we are in the process
of finding the correct size bag that will
resolve this issue. With our recent
conversation with we will find what
improved the leaking problem. Please
watch the call out list.

---

Is inmate satisfied with response YES/NO, provided by Staff ?

**Circle One**

Date Returned to Inmate _____　　Unit Staff Signature: [signature]

L. Gutierrez, RN

EXHIBIT I

Inmate Signature: _____

MAY 2 8 2013

EXHIBIT-II

# REEVES COUNTY DETENTION CENTER III
# INMATE INFORMAL RESOLUTION FORM

Date: 9-3-13   Informal Resolution No. RUS-13-63

From Taylor Fitsgerald Taylor BOP # 57155053   Unit B-2-4L
   Last,   First,  Middle

**Part A-Inmate Request (Solicitacion De Interno)**

From my first day at this facility to the present I
have let the various personel in charge about my
medical problem and ask if I could obtain a medical
mattres if not can't get a double a was told this facility
does nothing of the kind. From that time to the present im
having great difficulty getting out of bed in the mornings
because of the pain that im experincing to my Pelvis
and back. Is there something that can be done to help this
situation?

Date   9-3-13.   Signature _____

**Part B- Response (Repuesta)**

your issue was formally resolved
in person on (9-5-13)

Is inmate satisfied with response YES/NO, provided by Staff ?
   **Circle One**
Date Returned to Inmate _____   Unit Staff Signature: _____ 9/5/13

EXHIBIT-II   Inmate Signature: _____

SEP - 5 2013

BP-S148.053
SEP 98
U.S. DEPARTMENT OF JUSTICE          *Reg # 1-2*          FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) | DATE: |
|---|---|
| WARDEN MANTIARZ | 5-10-15 |
| FROM: | REGISTER NO.: |
| Taylor, Coality, Fitzgerra. | 57155-053 |
| WORK ASSIGNMENT: | UNIT: |
| N/A | D2 4C |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.)

You are in Violation of the Americans with Disabilities Act and your
Contractual Obligation to the US Government to Provide Adequate Medical Ca-
-re for the Inmates in your charge. I have an open Colostomy and In spite of
HSA Pamela Nelson's Statements I am not being Provided with the Adequate
supplies and attention to properly treat my condition. On more than one
occassion I have been forced to jere-rig, the site of incition with tape
and toilet paper to keep it from leaking bodily waste. A bio-hazard
to myself and the Inmate population at large. I have the alternate
-ed hazardous situation corrected immediately; as no doubt serious
health consequence's are forthcoming.

---

(Do not write below this line)

DISPOSITION:
Mr Taylor. You are scheduled at 0800 monday,
Tuesday 0800 and Wednesday 0800 to come shower
in medical and pick up your supplies. You
continually try to come more and at different times
please try to stay on schedule.
You have been evaluated by the physician and a offsite
Consultation request has been sent and is pending at this time

| Signature Staff Member | Date |
|---|---|
| P. Nelson, RN, HSA | 5-15-13 |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

MAY 1 4 2015


EXHIBIT III

EXHIBIT IV

# REEVES COUNTY DETENTION CENTER III
# INMATE INFORMAL RESOLUTION FORM

Date: 2-24-14   Informal Resolution No. RVS-14-18

From Taylor Courtney F   BOP # 57155053   Unit B-24L
  Last,  First,  Middle

---

**Part A-Inmate Request (Solicitacion De Interno)**

For the past five months, I have been forced to shower with cold water, because the warden of RCDC-III, refuse to have hot water system install to the shower at the medical building, which is the only place with a shower avaible, that is close to being capable of facilitating (assisting) my needs; As a result of my medical condition being disabled with a full colostomy. Repeatedly I have complained the inhuman condition of the shower to staff to no avail. Therefore, herein I, once again request hot water be install to the shower at medical. Thank You.

Date 2-24-14   Signature _____

---

**Part B- Response (Repuesta)**

Maintenance was advised of the problem the water is like warm, if you need the water to be hotter you can bathe in the unit & change your bag in medical until the problem is ressolved.

---

**Is inmate satisfied with response YES/NO, provided by Staff ?**
Circle One

Date Returned to Inmate _____   Unit Staff Signature: _____

Inmate Signature: _____

FEB 25 2014

EXHIBIT IV

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com℠

**OFFICIAL USE**

| | | |
|---|---|---|
| Postage | $ 1.61 | 0765 |
| Certified Fee | 3.30 | 03  Postmark Here |
| Return Receipt Fee (Endorsement Required) | 2.70 | |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ 7.61 | 08/05/2014 |

Sent To _U.S. Att. Gen. Eric Holder_
Street, Apt. No.; or PO Box No. _950 Penn Ave D.W._
City, State, ZIP+4 _Wash. DC 20530_

7014 0150 0001 6940 8071

PS Form 3800, August 2006                    See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   _Off. of Attorney General_
   _Eric Holder_
   _950 Pennsylvania Ave NW_
   _Wash, DC 20530_

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

AUG 11 2014

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)      7014 0150 0001 6940 8071

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | | |
|---|---|---|
| Postage | $ 1.68 | 0765 |
| Certified Fee | 3.30 | 03 |
| Return Receipt Fee (Endorsement Required) | 2.70 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ 7.61 | 08/05/2014 |

Sent To  *Christopher Clair c/o A.C.L.U*
Street, Apt. No.; or PO Box No.  *125 Broad St. 18 fl.*
City, State, ZIP+4  *NY NY 10004*

PS Form 3800, August 2006          See Reverse for Instructions

7014 0150 0001 6940 8064

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   *Christopher Clair*
   *c/o A.C.L.U.*
   *125 Broad St. 18 fl.*
   *ny, ny. 10004*

**COMPLETE THIS SECTION ON DELIVERY**

American Civil Liberties Union
125 Broad Street, 18th Floor
New York, NY 10004

A. Signature
   ☐ Agent
   ☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery
   *CDIUS*

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:           ☐ No

3. Service Type
   ☑ Certified Mail     ☐ Express Mail
   ☐ Registered        ☑ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)    7014 0150 0001 6940 8064

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540



U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | 1.01 |
| Certified Fee | | 3.30 |
| Return Receipt Fee (Endorsement Required) | | 2.70 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 7.01 |

Postmark Here
RECOS POST OFFICE
AUG 2014
19772-9998

Sent To  *Charles E. Daniels, Director of BOP*
Street, Apt. No.; or PO Box No.  *320 first St NW*
City, State, ZIP+4  *Wash DC 20534*

7014 0150 0001 8940 8057

PS Form 3800, August 2006                    See Reverse for Instructions

Office Of Attorney General
Hon. Eric Holder
950 Pennsylvania Ave, NW
Washington DC 20530

Courtney F. Taylor
Reg. No. 57155-053
R.C.D.C. III
P.O. Box 2038
Pecos, TX. 79772

July 31, 2014

Dear Mr. Holder,

Good day to you and the rest of your hard working staff up there in the nation's capital.  Sir, I am a native of Jamaica doing time for illegal re-entry at the Reeves County Detention Center III, located in Pecos, TX, leased by the Geo Group and contracted by the F.B.O.P. to house deportable inmates, like myself.

Sir, the reason for writing this letter is to let you know of the many injustices that's been metted out to not only me but to other inmates that have serious medical problems but have been ignored by not only staff but also my Warden Ricardo Martinez, a B.O.P. employee by the name of Mr. Jeremy Bryant and his boss Mr. John P. Yates who is in cohart with Geo and Reeves County.  Please see document that I have enclosed about myself to support my claim and the names of some of the other inmates here who continue to suffer under these people.  I have a colostomy and developed a hernia inside the said wound and been going through the most unbearable pain you could imagine but instead of getting me the treatment that I so require and was recommended by severa doctor's. I have been given nothing but pain medication that is of no help to me because they do not want to spend the money to take care of not only me but the rest of the seriously ill inmates that are housed here.

Sir, I am calling on you to do a quick investigation into these claims that I am making to you because the people continue to ignore U.S. Constitution and the rules and policies set forth by the F.B.O.P.  Including not only Warden Martinez but many of his incompetent staff.  Sir there are inmates here that cannot take care of themselves and the Warden and his staff have other inmates taking care of them and are paying them 12 cents an hour and these people are not medical personnel but regular inmates.  Like myself instead of getting these people to the proper facility so they can be better taken care of.  I will also include their names and the people who have been taking care of them.  Sir, if you send your people from Washington to investigate these alligation that I am making, alot of inmates including myself who are not scared of retribution by staff will talk to them, as you should know alot of.  Inmates have been put in the SHU and their good time has been taken away from them.  Sir I was put on the transfer list around September of last year but after not seeing anything happening I inquired about said transfer but was given the run around by

Warden Martinez, so I spoke to Mr. Jeremy Bryant and Mr. John P. Yates but was told by them that someone higher than themselves in the B.O.P. has removed my paperwork and so my transfer is not possible but instead I would be sent to a specialist in Odessa, Texas and if he could perform the surgery that I need it would be done.  On my first visit to the Texas Tech Medical Facility I was seen by a Doctor Salazar and to my surprise he told me I do not look like someone who needs surgery so I told this to H.S.A. and also to the Warden and B.O.P. officials and I was told not to worry as I will be sent to a different specialist but instead was sent to the same Dr. SAlazar and was told by him the second time that I do not have insurance so he cannot do anything for me at that time.  When I get  released I  could get insurance and come back and see him and he will be able to perform my surgery. All this effort was done to impress the B.O.P. auditors who came to this facility and after seeing my medical records was so upset from what I was told but after the auditors left, it was back to the same cruel punishment by these people.  On more than one occassion I have passed out because of my situation but nothing has been done.

I am about to be released on Sept. 4, 2014 but I'm letting you be aware of what is taking place at this facility and callin on you to do whatever needs to be done to help the inmates that will still be here.

Sir, before I close my letter I just want to say "thank you" for for taking the time from your busy schedule to read this letter and may the Good Lord continue to Bless and keep you safe always.

Sincerely,

Courtney F. Taylor
BOP # 57155-053

Jamaican Embassay
Ambassador Audrey P. Marks
1520 New Hampshire Ave. N.W
Washington DC 20036

June 7, 2013

Dear Ambassador Marks:

My name is Courtney Fitgerald Taylor, I am a Jamaican, citizen
and currently a federal inmate scheduled for deportation back to
Jamaica, in or on and about two years time. I, am currently being
housed at a Federal Bureau of Prisons, private contract facility
run by Geo Group inc., The Reeves County Detention Center III,
located in Pecos Texas. I, write you today as a Jamaican citizen
in a foreign land in dire need of what ever assistance you can
provide me with acquiring the medical treatment I, desperately
need but I, am being deliberately denied apparently due to corporate
revenue concerns. In 2008, while living with my family in Phoenix,
Arizona, I, suffered a gun shot wound to the abdomen as a result
of me trying to stop a home invasion. As a result of that injury
I, was left severely disabled with a full colostomy as well as
extreme damage to the Uretha, requiring periodic visits to a
Urologist. Since my arrival at RCDC III, on March 19, 2013, I, have
been subjected to cruel and dehumanizing treatment that certainly
would never be contemplated let alone tolerated as acceptable if
it were not for the fact that I, am a Jamaican rather than American
citizen. I, more often than not being forced to jererigg, my
colostomy bags in order to stay the constant seepage of feces,
because the staff at this facility refuses to buy the proper size
bags. THis practice is both dehumanizing and an extreme health
hazard to myself and others in my immediate area. I, have developed
a Hernia at the incision site or Stolma, as a result of the colostomy
not being reversed in a timely fashion also due to cost concerns.
Theeffect of that delay thus far has been to force me to live in
constant and at times debilitating pain. The same is true for the

1

denial of the required Urologist visits, as my Uretha has been closing making urination exteremly painful and close to impossible at times. Any assistance that you could provide me with theses unfortunate circumstances would be greatly appreciated as my conditions are steadely deteriorating. Thank you for taking the time to read my correspondence. I, hope to being hearing from you soon at the address listed below.

With kindest regards

Courtney Fitgerald Taylor
57155-053
RCDC III
P.O.B. 2038
PECOS TX 79772-2038

2



**EMBASSY OF JAMAICA**
1520 New Hampshire Avenue, NW
Washington, DC 20036
United States of America

Telephone:  (202) 452-0660
Facsimile:   (202) 452-9392

2013 June 28th

Mr. Courtney F. Taylor
57155-053
Reeves County Detention Center III
P.O. Box 2038
Pecos, Texas 79772-2038

Dear Mr. Taylor

This serves to acknowledge receipt of your letter regarding lack of proper medical attention.

We have written to the warden of the facility, for him to have the issues addressed.  A copy of the letter is attached.

It is hoped that the appropriate actions will be taken speedily.

Best wishes.

Yours truly

*Stacy-Ann Green*

Stacy-Ann Green
Security Attaché

Attachment



**EMBASSY OF JAMAICA**
1520 New Hampshire Avenue, NW
Washington, DC 20036
United States of America

Telephone:  (202) 452-0660
Facsimile:   (202) 452-9392

2013 June 28th

Mr. Ricardo Martinez
Warden
Reeves County Detention Center III
100 W County Road, #204
Pecos, Texas 79772

Dear Warden Martinez

### Re: Mr. Courtney Taylor – 57155-053

I write to seek your assistance on behalf of Mr. Courtney Taylor, who claims to be Jamaican.

Mr. Taylor has reached out to us stating that he is having grave hardship arising from his medical condition, which he says has been compounded by the lack of proper medical attention.  Reportedly, Mr. Taylor is disabled, has damage to his urethra and has had a colostomy.  He complains of not being issued with the correct size colostomy bag, which results in seepage of his faeces.  Further, he stated that the colostomy is not being reversed in a timely manner, adding to his ordeal.  Reportedly, he also suffers urinary problems due to undue delay in scheduling of his visits to the urologist.

Your intervention in bringing this matter to a resolve, will be highly appreciated.

Yours truly

*Stacy-Ann Green*
Stacy-Ann Green
Security Attaché

Jamaican Consulate
Houston Texas

Dear Your Honorable Fulleren,

Good day to you, I am a Jamaican national presently incarcerated at Reeves III, in Pecos Texas, on federal re-entry conviction, and I am pending immigration removal proceedings at the expiration of my sentence on September 2014.

On April 2, 2014, an ICE agent interviewed me in regards to my immigration status, and I was informed that your office is in-charge of issuing travel documents for Jamaican citizens in the West Texas region, an thus is responsible for said issuance in my case.  It is therefore the purpose of this letter to inform you about my situation.

Prior to said ICE interview, I was un-informed and unaware of a Jamaican Consulate Office here in Texas, and I have been in contact with our diplomatic representatives; the Honorable Vance Carter at our Miami Consulate Office, and the Honorable Stacy Ann Green, Security Attache to Your Excellency Audrey P. Marks, Ambassador of our Embassy in Washington, D.C., regarding inhumane treatment and continue denial of medical care to which I have been subjected and continue to face at Reeves III where I have been confined for the past 16 months.

To better familiarize you with my situation, enclosed here with this a copy of my initial letter to Your Excellency Audrey P. Marks; and her letter to Warden Martinez.  It is my understanding that no travel document will be issued in my case, unless the American Government, specifically the Federal Bureau of Prisons, uphold their international agreement and responsibility to provide me proper medical care - surgery, as it is ordered by medical professionals. Therefore, herein with all due respect; I request that you contact the Hon. Vance Carter and the Hon. Stacy Ann Green for clarity on this matter.

Additionally, please note that prison officials continue to sabotage the progress for my surgery, and apparently the aim is to delay and hinder it from happening, while the remainder of my sentence elapse; so that I will be deported without them having to foot the cost.  This reality is conspicuous in a sequence of events following the Hon. Stacy Ann Green's letter to Warden Martinez.

After receipt of said letter, the prison medical staff started to provide me the proper size colostomy bags and better pain medication.  Also I was told that my relocation to a BOP Medical Facication.  Also I was desiglity was being arranged, and about amonth later that I was designated housing at one in North Carolina, and would be transferred there soon as possible.  But several months passed without any progress in that regards, and when I inquired as to the cause; I was told another story, that I am being re-designated to a better BOP facility,  I had an opportunity to complain my frustation to BOP official whom was on tour at Reeves III during that period, and he claimed that someone at the BOP regional office mishandled my paperwork, and that more information is needed.  Approximately one

month later, again I was told another story;   that the BOP have agreed to allow Reeves III to arrange with an outside (public) Medical facility to conduct the operation.

On February 19, 2014, I met with one Dr. Salazar, at Texas Tech Medical Facility, for what was told to me by the medical staff at Reeves III, was going to be an evaluation for the colostomy surgery. But the doctor said he was not requested to examine me for that surgery, and that there weren't any written report in my medical records presented to him about it.  Dr. Salazar told me that my meeting with him was only to evaluate me for a possible hernia surgery.  And at the examination he stated to me that if I am experiencing pain then I need to have the surgery because that is an emergency, but if not I can wait til I am released from prison.  However, I found the doctor's comments to be strange.  Because I have been suffering pain for more than two years now, and has been taking prescribed pain medication; currently Trymadol.  Thus my medical records in the doctor's possession should have shown that reality.

I have since being told at the BOP contracted Reeves III, that I am scheduled for another outside doctor's appointment pertaining to the ordered colostomy surgery, however I have yet to go.  And several days ago Warden Martinez gave me a sarcastic response when I asked him about the surgery;  he replied by asking me how much time is remaining on my sentence, and when answered five months, he smiled and said, "I'll see you in Jamaica."

I have suffered tremendously for the past two years, at the hands of the Federal Bureau of Prisons and its private ;contractors;  rights to which I am lawfully entitled under the U.S. Constitution and the international agreements of nations have been violated; and now to be deported in my badly ill condition, to suffer more should not be acceptable by you, my diplomatic representatives.  Furthermore, I have obtained professional legal representation to assist me dealing with the denial of adequate medical care to which I have been subjected.

Your service to our nation and this very important matter is very much appreciated and I anticipate to hear from you in the very near future.

Yours Truly,

Courtney Taylor

cc:  The Hon. Stacy Ann Green
     The Hon. Vance Carter
     File.

Jamaican Counsulate
Houston Texas

Dear Your Honorable Fulleren,

Good day to you, I am a Jamaican national presently incarcerated at Reeves III, in Pecos Texas, on federal re-entry conviction, and I am pending immigration removal proceedings at the expiration of my sentence on September 2014.

On April 2, 2014, an ICE agent interviewed me in regards to my immigration status, and I was informed that your office is in-charge of issuing travel documents for Jamaican citizens in the West Texas region, an thus is responsible for said issuance in my case.  It is therefore the purpose of this letter to inform you about my situation.

Prior to said ICE interview, I was un-informed and unaware of a Jamaican Consulate Office here in Texas, and I have been in contact with our diplomatic representatives; the Honorable Vance Carter at our Miami Consulate Office, and the Honorable Stacy Ann Green, Security Attache to Your Excellency Audrey P. Marks, Ambassador of our Embassy in Washington, D.C., regarding inhumane treatment and denial of medical care to which I have been subjected and continue to face at Reeves III where I have been confined for the past 16 months.

To better familiarize you with my situation, enclosed here with this is a copy of my initial letter to Your Excellency Audrey P. Marks; and her letter to Warden Martinez.  It is my understanding that no travel document will be issued in my case, unless the American Government, specifically the Federal Bureau of Prisons, uphold their international agreement and responsibility to provide me proper medical care - surgery, as it is ordered by medical professionals. Therefore, herein with all due respect;  I request that you contact the Hon. Vance Carter and the Hon. Stacy Ann Green for clarity on this matter.

Additionally, please note that prison officials continue to sabotage the progress for my surgery, and apparently the aim is to delay and hinder it from happening, while the remainder of my sentence elapse; so that I will be deported without them having to foot the cost.  This reality is conspicuous in a sequence of events following the Hon. Stacy Ann Green's letter to Warden Martinez.

After receipt of said letter, the prison medical staff started to provide me the proper size colostomy bags and better pain medication.  Also I was told that my relocation to a BOP Medical Facility was being arranged, and about amonth later that I was designated housing at one in North Carolina, and would be transferred there soon as possible.  But several months passed without any progress in that regards, and when I inquired as to the cause;  I was told another story, that I am being re-designated to a better BOP facility,  I had an opportunity to complain my frustation to BOP official whom was on tour at Reeves III during that period, and he claimed that someone at the BOP regional office mishandled my paperwork, and that more information is needed.  Approximately one

month later, again I was told another story;  that the BOP have agreed to allow Reeves III to arrange with an outside (public) Medical facility to conduct the operation.

On February 19, 2014, I met with one Dr. Salazar, at Texas Tech Medical Facility, for what was told to me by the medical staff at Reeves III, was going to be an evaluation for the colostomy surgery. But the doctor said he was not requested to examine me for that surgery, and that there weren't any written report in my medical records presented to him about it.  Dr. Salazar told me that my meeting with him was only to evaluate me for a possible hernia surgery.  And at the examination he stated to me that if I am experiencing pain then I need to have the surgery because that is an emergency, but if not I can wait til I am released from prison.  However, I found the doctor's comments to be strange.  Because I have been suffering pain for more than two years now, and has been taking prescribed pain medication; currently Trymadol.  Thus my medical records in the doctor's possession should have shown that reality.

I have since being told at the BOP contracted Reeves III, that I am scheduled for another outside doctor's appointment pertaining to the ordered colostomy surgery, however I have yet to go.  And several days ago Warden Martinez gave me a sarcastic response when I asked him about the surgery;  he replied by asking me how much time is remaining on my sentence, and when answered five months, he smiled and said, "I'll see you in Jamaica."

I have suffered tremendously for the past two years, at the hands of the Federal Bureau of Prisons and its private contractors;  rights to which I am lawfully entitled under the U.S. Constitution and the international agreements of nations have been violated; and now to be deported in my badly ill condition, to suffer more should not be acceptable by you, my diplomatic representatives. Furthermore, I have obtained professional legal representation to assist me dealing with the denial of adequate medical care to which I have been subjected.

Your service to our nation and this very important matter is very much appreciated and I anticipate to hear from you in the very near future.

Yours Truly,

Courtney Taylor

cc:  The Hon. Stacy Ann Green
     The Hon. Vance Carter
     File.

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS.

COURTNEY FITZGERALD TAYLOR,                    CASE NO. P-14-CV-69

 PLAINTIFF,

    V

G.E.O.GROUP INC,RICARDO MARTINEZ,
GEORGE ZOLEY,RICHARD GLANTON,
CLARENCE ANTONY,ANNE NEWMAN,
NORMAN CARLSON,CHRISTOPHER WHEELER
 ET,ALA.

    DEFENDANTS.

                                    CIVIL ACTION COMPLAINT

   PROOF OF SERVICE

I COURTNEY FITZGERALD TAYLOR DO CERTIFY THAT ON THIS _28_ DAY OF
AUGUST2014,PURSUANT TO FEDERAL COURT RULES OF SERVICE PROCESS,I
HAVE SERVED THE ATTACHED MOTION FOR LEAVE TO PROCEED IN FORMA
PAUPERIS AND CIVIL COMPLAINT TO THE CLERK OF THE UNITED STATES
FEDERAL DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS.655 E.
DURANGO BOULEVARD. SAN ANTONIO,TEXAS.78206. BY DEPOSITING AN ENV_
ELOPE CONTAINING THE ABOVE DOCUMENTS IN THE PRISON LEGAL MAIL
SYSTEM.

COURTNEY FITZGERALD TAYLOR IN PRO SE
BUREAU OF PRISON REG# 57155-053
C/O TASHANNA TAYLOR
749 WILLIAMS AVE.APT#3
BROOKLYN,NEW YORK.11207.

OFFICE OF THE CLERK OF THE COURT
U.S. FEDERAL DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS.
655 E DURANGO BOULEVARD
SAN ANTONIO,TEXAS.78206.

State of Texas

County of REEVES

Before me, a Notary Public, on this day personally appeared _courtney fitzgerald Taylor_ known to me by _RCNCTL ID Card 5 7103-063_ to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purpose and consideration therein expressed.

Given under my hand and seal of office this _28TH_ day of _aug_ 2014.

ROSE MARY SCROGGINS
Notary Public, State of Texas
My Commission Expires
June 09, 2016

_Rose Mary Scroggins_
Notary Public, State of Texas

My commission expires the __09__ day of __June__, 2016.

Courtney Taylor #A 095-965-036

Gas Processing Center SSU.
8915 Montana Ave
El Paso, Texas. 79925

OFFICE OF THE CLERK OF THE COURT
U.S. FEDERAL DISTRICT COURT
THE WESTERN DISTRICT OF TEXAS.
655 E. DURANGO BOULEVARD,
SAN ANTONIO, TEXAS. 78206.



This packaging is the property of the U.S. Postal Service and is provided solely for use in sending Priority Mail shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; July 2013; All rights reserved.



FROM: Courtney Taylor #095-785-036
Processing Center
8915 Montana Ave
El Paso/Trango Clerk of The Court
79936
U.S. Federal District Court
655 E. Durango Boulevard
San Antonio, Texas 78206

RECEIVED
SEP 15 2014
CLE...
WES...
BY... DEPUTY CLERK

PRIORITY MAIL
U.S. POSTAGE PAID
EL PASO, TX
SEP 79910 14
AMOUNT
$5.75
R2304E143592-06

PRIORITY MAIL
★ DATE OF DELIVERY SPECIFIED *
★ USPS TRACKING™ INCLUDED *
★ INSURANCE INCLUDED *
★ PICKUP AVAILABLE
  * Domestic only

USPS TRACKING #

9114 9011 9981 5253 0645 69

PS00001000014

EP14F July 2013
OD: 12.5 x 9.5

This envelope is made from post-consumer waste. Please recycle - again.



TRACKED* ★ ★ ★ INSURED*

UNITED STATES POSTAL SERVICE®

# PRIORITY ★ MAIL ★®

## FLAT RATE ENVELOPE
ONE RATE ★ ANY WEIGHT*

EP14F July 2013
OD: 12.5 x 9.5



PS00001000014